E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-04969-S1**
7/9/2021 4:01 PM
TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| NICOLE MURDAUGH, | CIVIL ACTION FILE **21-C-04969-S1** |
| Plaintiff, | ~~NO.: 2021-CV-_____~~ |
| v. | **JURY TRIAL DEMANDED** |
| THE TJX COMPANIES d/b/a T.J. MAXX AUGUSTA, GA, | |
| Defendant. | |

### COMPLAINT FOR DAMAGES
### GENERAL ALLEGATIONS

**COMES NOW**, Plaintiff, Nicole Murdaugh (hereinafter "Plaintiff"), and hereby timely files her Complaint for Damages and Demand for Jury Trial against the Defendant, pursuant to applicable Georgia law, by showing this Honorable Court the following:

1.

This Court has jurisdiction pursuant to O.C.G.A. § 9-10-91.

2.

At all times material herein, Plaintiff, Nicole Murdaugh, was a resident of the State of Georgia and subject to the jurisdiction and venue of this Honorable Court.

3.

At all times material herein, Defendant, The TJX Companies d/b/a/ T.J. Maxx Augusta, GA (hereinafter Defendant, "T.J. Maxx"), is the owner and operator in possession and control of a department store located in Augusta, Georgia, to which the general public was invited to come and purchase merchandise therein offered for sale and may be served with process through its registered agent, C.T. Corporation System, 289 S. Culver, St. Lawrenceville, Gwinnett, Georgia, 30046-4805.

4.

On or about July 05, 2019, at approximately 5:30 p.m., Plaintiff visited TJ Maxx's store in Augusta, Georgia, as an invitee, for the purpose of purchasing certain merchandise offered for sale therein.

5.

Plaintiff, as she has occasionally, made her way towards the back middle of the store. While shopping for a sweater, she requested the assistance of an employee. After receiving assistance, she started to make her way up the aisle towards check-out and while in-route, she suddenly and without warning, slipped on some transparent water. She then tried to grab a clothing rack on her right and tried to catch her balance and break her fall, but she missed the rack and fell, seriously injuring her shoulder, arm, hip and her entire right side of her body.

6.

After hitting the floor with such force, Plaintiff remained on the floor in excruciating pain for an extended period of time approximately forty-five (45) minutes, awaiting the arrival of the ambulance. The unfortunate incident was witnessed by several by-standers, including employees. Plaintiff's fall resulted in right arm, shoulder, hip, knee, lower back and other permanent injuries.

7.

At all times material herein, Plaintiff exercised ordinary care for her own safety.

8.

At all times material herein, the Defendant owed a legal duty under O.C.G.A. § 51-3-1 of ordinary care to invitees to inspect and keep the premises and approaches in a safe condition.

9.

As a direct and proximate result of Defendant's negligent, careless and reckless acts and omissions, Plaintiff suffered serious injuries to her body, which required her to obtain medical

treatment and incurred medical expenses. Plaintiff sustained severe and permanent injuries, including but not limited to injuries to her back and left ankle, which required medical treatment in an effort to alleviate her pain.

10.

Defendant, T.J. Maxx knew or in the exercise of reasonable care, knew or should have known, of the dangerous condition created by the liquid substance on the floor, which from its appearance, had been on the floor for an extended period of time.

11.

At all relevant times, the Defendant had actual or constructive knowledge of the hazardous condition and could have prevented Ms. Murdaugh's injuries.

## COUNT I – NEGLIGENCE – DEFENDANT, T.J. MAXX AUGUSTA, GA

12.

Plaintiff, Nicole Murdaugh, herein realleges each and every allegation contained in paragraphs 1 through 11, inclusive with the same force and effect as if herein specifically set forth.

The negligence of the Defendant, T.J. Maxx, consisted in permitting the dangerous condition to exist as follows:

    a.    failing to properly hire, supervise and train its employees/agents in proper inspection, maintenance and safety procedures for the floor within its premises;

3

b. failing to properly ensure that the floor within its premises wherein Plaintiff, Nicole Murdaugh, was permitted to walk, was properly inspected, cleaned and maintained;

c. failing to place signage or barricades warnings in an area where they would effectively warn all its invitees, including Plaintiff, Nicole Murdaugh, of the dangers associated with the aforesaid dangerous condition;

d. failing to provide any protection against the same;

e. failing to ensure the safety and well-being of Plaintiff.

## COUNT II – RESPONDEAT SUPERIOR – DEFENDANT, T.J. MAXX AUGUSTA, GA

13.

Plaintiffs, herein re-allege each and every allegation contained in paragraphs 1 through 12, inclusive with the same force and effect as if specifically set forth herein.

14.

As the employer/principal of Defendant, TJ Maxx is liable to Plaintiff, under the legal doctrine of *Respondeat Superior*.

15.

The aforesaid negligent actions/omissions of the Defendant, TJ Maxx, proximately caused the injuries and damages to Plaintiff.

16.

As a direct and proximate cause of Defendant, TJ Maxx's actions/omissions, Plaintiff suffered severe disabling injuries and, thereby, incurred and will continue to incur medical and related expenses, mental anguish, pain and suffering. Plaintiff has incurred past medical expenses

and may incur future medical expenses, which are expected to continue into the foreseeable future, all to her damage.

17.

As a result of the Defendant's negligence, Plaintiff is entitled to recover for her physical and emotional pain and suffering, loss of strength and mobility, permanent disability, and adverse impact on the quality of her daily life and general damages.

18.

**WHEREFORE**, the Plaintiff, Nicole Murdaugh, prays for judgment against the Defendant, The TJX Companies d/b/a T.J. Maxx Augusta, GA as follows:

(a) That the Complaint For Damages be issued and served upon the Defendant;

(b) That the Defendant appear and answer the Complaint For Damages;

(c) That a Judgment be entered in favor of the Plaintiff and against the Defendant for her injuries, physical and emotional pain and suffering, impairment, permanent disability, and diminished quality of life, in an amount to be determined by an enlightened conscience of an impartial jury;

(d) That the Plaintiff be awarded payment of her past, present and future medical expenses;

(e) That there be a trial by jury; and

(f) That this Court enter such other and further relief as it may deem just and proper.

Respectfully submitted this 9th day of July 2021.

EDWARDS & HAWKINS, LLC

/s/ *Cameron D. Hawkins*
Cameron D. Hawkins
Georgia Bar No. 250504
Donald P. Edwards
Georgia Bar No. 240575
Mia P. Fulks
Georgia Bar No. 279902
*Counsel for Plaintiff*

50 Hurt Plaza, S.E., Suite 910
Atlanta, Georgia 30303-2940
(404) 526-8866
(404) 526-8855 fax
chawkins@ehlaw.net
dedwards@ehlaw.net
mfulks@ehlaw.net

6